**MARKER, ESTATE OF, In Re**

Ohio Appeals, 2nd Dist, Darke Co

No 563. Decided Dec 19, 1940

S. E. Mote, Greenville, for certain exceptors.
A. Alvin North, Greenville, for certain exceptors.
Vernon L. Marchal, Greenville, for A. Alvin North.
Wilbur D. Spidel, Greenville; T. A. Billingsley, Greenville and George Porter, Greenville, for administrators.

**OPINION**

BY THE COURT:

The above entitled cause is now being determined on the application of S. E. Mote and A. Alvin North for al-

lowance of attorney fees and equitable division thereof.

This matter was first called to the attention of our court in the submitted and approved final entry. The basis for the claimed allowance of attorney fees was the action of counsel in bringing into the estate additional assets in the sum of approximately $10,000.00.

The question originally arose in the Probate Court through the filing of exceptions to the joint administrators' account, Mr. North purporting to represent heirs and Mr. Mote, creditors. The exceptions were not joint, but separate. Claim was made that the administrators had not invested the funds as was their duty under the law and existing facts.

The action came to our court as an error proceeding by reason of exceptors' appeal on questions of law. In our court the judgment of the lower court was modified and cause remanded, with instructions to charge the administrators with the sum of $345.00 as interest. The final entry contained a reference to application of A. Alvin North for allowance of attorney fees, and further provided that the consideration of such application was continued for the further order of the court.

This question has given us no little concern. On the factual question it would seem that the assets of the estate have been increased through the efforts of the exceptors to the administrators' account. Generally this is the basis for allowance of attorney fees, and we know of no reason why the rule would not be applicable in the instant case.

However, as a legal proposition, we are confronted with the question as to whether it is within the province of our court to make such an allowance, or whether the question should be taken up originally with the court of origin.

We have not been able to find any decided case directly in point, but upon principle we have arrived at the conclusion that the application may not be originally heard in our court.

If the cause had been properly lodged with us as an original action, or an appeal de novo, then our authority would extend to a full and final determination of any and every question that might properly be involved. The appeal to our court was very properly on questions of law, which is an error proceeding. Under such a situation, we are limited to a determination of the properly presented errors, with power to affirm, reverse or modify.

We unanimously arrive at the conclusion that this question should be originally taken up and determined in the court of origin.

This court, of course, on hearing would have the right to consider the services rendered by the exceptors and their counsel in all courts, up to the time of final determination.

On the ground that under the state of the record this court should not take initial action on the question of allowance of attorney fees, the application is denied and cause remanded.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.